IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John R. Crosky,                :

    Plaintiff,          :       Case No. 2:09-cv-00400

  v.                           :       JUDGE MARBLEY

Ohio Department of
Rehabilitation and
Corrections, et al.,           :       MAGISTRATE JUDGE KEMP

    Defendants.         :

OPINION AND ORDER

On February 10, 2010, plaintiff John R. Crosky filed a document titled "Motion to Strike, Motion to Dismiss." This document purports to be a motion to strike the answer filed by the defendants, but is actually an unauthorized pleading. The defendants filed a Motion to Strike that pleading on February 17, 2010. In response, Plaintiff filed another Motion to Strike Defendants' Motion to Strike. On March 11, 2010, Plaintiff filed a Motion to Disqualify Counsel. The next day, the defendants filed a response to Plaintiff's Motion to Disqualify Counsel. For the following reasons, the Court DENIES Plaintiff's Motions to Strike, GRANTS the defendants' Motion to Strike, and DENIES Plaintiff's Motion to Disqualify Counsel.

I. Introduction

The initial motion to strike filed by Mr. Crosky, attacked the defenses and answers of the defendants, Ohio Department of Rehabilitation and Corrections, Brunsman, Duty, Clever, Howard, McKee, Thomas, Bartlett, Smith, Coffey, Pritchard, Eiring, Grant, Bryan, DiSantes, Thoroman, Ragland, Payne, Engle, and Wittrup ("State Defendants"). Furthermore, the motion alleged that the State Defendants' representation by the Office of the Ohio

Attorney General is not warranted by law.  The State Defendants filed a motion to strike Mr. Crosky's motion on the grounds that it is an unauthorized pleading.

On March 11, 2010, Mr. Crosky filed a Motion to Disqualify the Office of the Attorney General from representing the State Defendants.  In his motion, Mr. Crosky makes several allegations of unethical conduct against the Ohio Attorney General's office.  These allegations are not supported by any evidence.

Furthermore, Mr. Crosky alleged that the Office of the Attorney General should be disqualified as counsel because the Attorney General did not complete an investigation required by Ohio Rev. Code §109.362.  This allegation is based on Mr. Crosky's contention that an investigation would have revealed conduct by the State Defendants that would make them ineligible for representation under §109.362.  Mr. Crosky made this allegation in his Motions to Strike, but the Court will consider the allegation in conjunction with his Motion to Disqualify Counsel.

## II.  The Motions to Strike

Rule 12 of the Federal Rules of Civil Procedure provides in relevant part that this Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed.R.Civ. 12(f).  This unambiguous language indicates that motions to strike may only be made in relation to pleadings, which are defined by Rule 7 of the Federal Rules of Civil Procedure.  According to Rule 7, a pleading is one of the following documents: "a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer."  Fed.R.Civ.P. 7(a). "It is clear under the Federal Rules of Civil Procedure, motions are *not*

2

pleadings, and therefore are not subject to motions to strike under Rule 12(f)." Newsom v. Xenia City School Dist. Bd. Of Educ., No. C-3-95-173, 1996 WL 1089865, at *2 (S.D. Ohio Mar. 25, 1996) (emphasis in original).

Accordingly, there is no basis to strike the State Defendants' motion to strike under Rule 12(f). Furthermore, Mr. Crosky's motion to strike the State Defendants' answer does not allege that any portion of the pleading was "redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Instead, Mr. Crosky's "motion" is simply a reply to the State Defendants' answer. Because a reply to an answer is not among the pleadings listed in Rule 7(a), the State Defendants have properly identified Mr. Crosky's "motion" as an unauthorized pleading. As such, it is properly subject to a motion to strike, and the Court will strike it.

### III. Motion to Disqualify Counsel
#### A. Alleged Unethical Conduct

"A motion to disqualify counsel is the proper method for a party to bring an alleged breach of ethical duties to the court's attention." Kitchen v. Aristech Chemical, 769 F.Supp. 254, 256 (S.D. 1991) (citing Musicus v. Westinghouse Elec. Corp., 621 F.2d 742 (5th Cir. 1980)). The power to disqualify an attorney from a case is incidental to all courts, and a district court is obliged to consider an attorney's unethical conduct in connection with any proceeding before it. SST Castings, Inc. v. Amana Appliances, Inc., 250 F.Supp.2d 863, 865 (S.D. 2002)(citing Ex Parte Burr, 22 U.S. (9 Wheat) 529, 531 (1824) (Marshall, C.J.)). However, motions to disqualify counsel must be closely scrutinized due to the potency of such a weapon. See Manning v. Waring, Cox, James, Sklar & Allen, 849 F.2d 222, 224 (6th Cir. 1988). Thus, when evaluating a motion to disqualify counsel a court must carefully use its discretion to balance the "competing

3

public interests of requiring professional conduct by an attorney and of permitting a party to retain counsel of his choice." Kitchen, 769 F.Supp. at 257.

While the trial court has broad discretion to disqualify counsel, such discretion is not unfettered. Gould,Inc. v. Mitsui Min. & Smelting Co.,738 F.Supp. 1121, 1124 (N.D. Ohio 1990). Due to the seriousness of depriving a party of the counsel of his choice, an attorney should only be disqualified "when there is a reasonable possibility that some specifically identifiable impropriety actually occurred and, in light of the interest underlying the standards of ethics, the social need for ethical practice outweighs the party's right to counsel of his own choice." United States v. Kitchin, 592 F.2d 900, 903 (5th Cir. 1979)(internal citation and quotation marks omitted).

With these principles in mind, it is not clear from Mr. Crosky's motion that there is a reasonable possibility that some specifically identifiable impropriety accompanied the Ohio Attorney General's representation of the State Defendants. Rather, Mr. Crosky's allegations of ethical violations against the State Defendants' counsel are completely unsupported in the record. Under these circumstances, the Court will not disqualify a party's chosen counsel. See Kalinauskas v. Yin Wong, 108 F.3d 338 (table), 1997 WL 67691 at *2 n.1 (9th Cir. Feb. 14, 1997) (noting that the district court did not abuse its discretion when it denied a motion to disqualify counsel because the motion was baseless and unsupported by evidence). If counsel could be disqualified under these conditions it would be all too easy for opposing parties to harass each other. See Kitchen, 769 F.Supp. at 257 (noting the possibility of motions for disqualifying counsel as a technique of harassment).

      B. Representation Under Ohio Rev. Code §109.362

Ohio Rev. Code Section 109.362 requires the attorney general

to conduct an investigation into whether a state officer or employee acted manifestly outside the scope of his "employment or official responsibilities, with malicious purpose, in bad faith, or in a wanton or reckless manner" prior to undertaking the defense of a particular state officer or employee. This investigation requirement does not create a duty that is owed to a plaintiff who is suing the state employee. Rather this duty is owed to the state officer or employee who requests state-sponsored legal representation pursuant to §109.361. See <u>Walton v. Ohio Dept. of Health</u>, 162 Ohio App.3d 65 (10 Dist. 2005). Moreover, "[a]n initial determination to represent and defend the officer or employee does not prohibit a later determination that the requirements [for state-sponsored representation] have not been met." Ohio Rev.Code §109.362(A).

Accordingly, the decision by the Office of the Attorney General to represent the State Defendants initially is not set in stone. If Mr. Crosky later uncovers facts showing that the State Defendants acted manifestly outside the scope of his employment or official responsibilities, with malicious purpose, in bad faith, or in a wanton or reckless manner, the attorney general at that time can determine that these officers and employees are no longer entitled to state-sponsored representation. Consequently, Mr. Crosky has not suffered any harm as a result of the Attorney General's initial decision to provide the State Defendants with such representation. Again, however, on the basis of the record, the Court sees no reason to question the Attorney General's decision to undertake the representation of the defendants here.

IV. <u>Disposition</u>

Based on the foregoing reasons, Plaintiff's "Motion to Strike, Motion to Dismiss" (#22), Motion to Strike Defendants' Motion to Strike (#25), and Motion to Disqualify Counsel (#26) are DENIED. Defendants' Motion to Strike (#23) is GRANTED.

5

Document #22 is stricken from the record.

## V. Appellate Procedure

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Fed. R. Civ. P. 7(b). Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. Eastern Division Order No. 91-3, pt. I., F., 5. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A).

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge