IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John R. Crosky,            :

    Plaintiff,        :        Case No. 2:09-cv-00400

v.                         :        JUDGE MARBLEY

Ohio Department of         :
Rehabilitation and
Corrections, et al.,       :

    Defendants.       :

OPINION AND ORDER

On April 20, 2010, the Magistrate Judge issued an order denying three motions which had been filed by the plaintiff, John R. Crosky, and granting a motion which was filed by the defendants.  Mr. Crosky has filed a timely motion for reconsideration of the Magistrate Judge's order.  Defendants have not filed a response.  For the following reasons, the motion to reconsider (#31) will be denied.

I.

The Court reviews an order issued by a Magistrate Judge with respect to a non-dispositive matter under the following standard:

> This court cannot reverse a magistrate's opinion on a non-dispositive matter unless the magistrate's decision was clearly erroneous or contrary to law. Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952 (6th Cir.1985), cert. denied, 479 U.S. 830, 107 S.Ct. 116, 93 L.Ed.2d 63 (1986); Parry v. Highlight Indus., Inc., 125 F.R.D. 449, 450 (W.D.Mich.1989) (Enslen, J.). The "clearly erroneous" standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary "contrary to law" standard. Gandee v. Glaser, 785 F.Supp. 684, 686 (S.D.Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir.1994). Therefore, this Court must exercise independent judgment with respect to the magistrate judge's

> conclusions of law. Id. Where the relevant legal standard under the Federal Rules of Civil Procedure requires the decision-maker to "do justice" or balance the interests at stake, the magistrate judge's decision will be reversed only on a showing of an abuse of discretion. See Fed.R.Civ.P. 37; Barreto v. Citibank, N.A., 907 F.2d 15 (1st Cir.1990); Diaz v. Southern Drilling Corp., 427 F.2d 1118 (5th Cir.1970), cert. denied, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970). See also, Ellison v. American Nat. Red Cross, 151 F.R.D. 8, 9 (D.N.H.1993).

Haworth, Inc. v. Herman Miller, Inc., 162 F.R.D. 289, 291 (W.D.Mich.1995).

## II.

The primary issue raised in Mr. Crosky's motion for reconsideration is whether the Magistrate Judge erred in striking Doc. #22 from the record. That document, entitled "Motion to Strike, Motion to Dismiss with Prejudice," was construed as a reply to the State Defendants' answer. Because a reply to an answer is not among the pleadings listed in Rule 7(a), the Magistrate Judge concluded that it was properly subject to a motion to strike, and he granted the defendants' motion to strike it.

In his motion to reconsider, Mr. Crosky argues that the defendants improperly included in their answer, as their general prayer for relief, a request that the Court dismiss the complaint with prejudice. He argues that by doing so, rather than filing a motion to dismiss, they have circumvented his ability to respond to the request for dismissal. He also contends that the request in the answer for such other relief as may be deemed fair and equitable is a thinly-veiled request for affirmative relief which may properly be made only by way of a counterclaim. Thus, the document which was stricken should have been more properly viewed as a reply to a counterclaim, which is a pleading permitted by the Federal Rules of Civil Procedure.

Mr. Crosky also raises a related argument. He points out that, according to the Court's Guide for Pro Se Litigants, in their answer, defendants are supposed to state their version of what happened. However, the answer filed in this case consists largely, if not completely, of denials or statements to the effect that the defendants lack knowledge of the truth or falsity of plaintiff's claim. He argues that if his filing was ordered stricken because it was an unauthorized pleading, the same is true of the answer. Finally, he notes that some of the documents he filed in support of Doc. #22 go to the issue of the Attorney General's Office's non-representation of four of the named defendants. He submits that this information will have to be re-filed in some other form, and that there is no reason for the Court not to accept it now.

### III.

Mr. Crosky's motion for reconsideration raises only legal issues. Thus, the Court must determine if the order issued by the Magistrate Judge is contrary to law. The first step in this process is to identify the law applicable to a motion to strike a pleading as not authorized by the Federal Rules of Civil Procedure.

The Magistrate Judge did not identify in his order any specific law which authorizes the Court to strike such pleadings. Nonetheless, that law exists. As early as the year after the Federal Rules of Civil Procedure were adopted, courts were striking pleadings not allowed by the Rules. See, e.g., Coley v. Pierce, 1 F.R.D. 77 (D.D.C. 1939). That practice has continued into present times. See Nunley v. Kloehn, 158 F.R.D. 614 (E.D. Wisc. 1994) ("Because the plaintiff has filed an impermissible pleading, the Court orders that it be stricken under Rule 12(f)"). Other courts have simply permitted unauthorized pleadings to remain in the case file with the understanding that

they will not be considered.  See Winston v. Kingston, 2004 WL 882160 (W.D. Wisc. April 22, 2004).  Either way, the Court does have the authority to strike from the record a pleading which is not allowed by rule.

Here, although plaintiff has presented some creative arguments about why the document he filed should not be viewed as a pleading, none of them are persuasive.  The defendant's inclusion, in their answer, of language asking the Court to dismiss the complaint with prejudice is little more than a restatement of the defense of failure to state a claim upon which relief can be granted, and that is one of the defenses allowed to be "asserted in the responsive pleading ...."  See Fed.R.Civ.P. 12(b).  As the Court in Armstrong v. Snyder, 103 F.R.D. 96, 101 (E.D. Wisc. 1984) observed,  "such a request is characteristic of most answers filed to complaints filed in federal court and is even envisioned by the Federal Rules of Civil Procedure."  Like other defenses asserted in an answer, even affirmative defenses, it does not warrant a response, and without a response, the opposing party is still considered to have denied the validity of the defense.  See, e.g., Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995) (also noting that in the transition to the modern rules of civil procedure which occurred in 1938, "the reply [to the answer] was preserved but put on the shelf, seldom to be used").  It use is restricted to those situations where the Court orders a reply to an answer as allowed by Fed.R.Civ.P. 7(a)(7). Id.  The Court has not ordered such a reply here.

The same reasoning applies to the answer's prayer for other relief as may be deemed appropriate.  Again, such language is commonly found in answers and does not transform the answer into a counterclaim.  Further, even without such language, the Court has the power to award each party whatever relief the law allows. See Fed.R.Civ.P. 54(c) ("Every ... final judgment should grant

-4-

the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings"). Thus, there is nothing in the answer that triggered any right or obligation on Mr. Crosky's part to reply, and the order striking his response to the answer is consistent with the law cited above.

Although the other issues raised in the motion to reconsider do not relate directly to whether Doc. #22 should have been stricken, the Court will address them briefly. The Court's Guide for Pro Se Litigants is only a general statement of what various filings are for. The content of such filings is ultimately governed by the Federal Rules of Civil Procedure, and the Court cannot vary the requirements of those rules by Local Rule or General Order, and certainly not by publishing a pamphlet used to inform litigants of the general way in which litigation occurs. As the courts have noted, the Rules Enabling Act, 28 U.S.C. §2072, pursuant to which the Federal Rules of Civil Procedure are promulgated and, from time to time, amended, "was designed to foster a uniform system of procedure throughout the federal system, supplemented *but not altered*, by local rules to take care of local problems." G. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 665 (7th Cir. 1989) (Ripple, J., dissenting) (emphasis added). Under Rule 8(b), a party is permitted, in the answer, either to deny averments of the complaint, or state its lack of knowledge of the truth of an allegation. See Fed.R.Civ.P. 8(b)(1)(a) and 8(b)(5). That is what defendants have done, and the failure of the answer to "tell defendants' side of the story" has no legal consequence.

Finally, the fact that there are some defendants who do not appear currently to be represented by the Ohio Attorney General's office does not justify allowing Mr. Crosky's unauthorized pleading to remain as part of the Court's file. If that matter takes on importance at a later stage of the case, Mr. Crosky is

-5-

free to re-file whatever portion of Doc. #22 he deems appropriate.

## IV.

For all of the reasons set forth above, the motion to reconsider (#31) is DENIED.

                                                    s/Algenon L. Marbley
                                                    Algenon L. Marbley
                                                    United States District Judge